UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PRINCEO LAQUINTON ALTIDOR, SR.,

        Plaintiff,

v.

                                                    Case No. 3:26-cv-16-MMH-MCR

NURSE CONNIE MCCALL, et al.,

        Defendants.

_____

## **ORDER**

Plaintiff, an inmate of the Florida Department of Corrections, initiated this case *pro se* by filing a Civil Rights Complaint (Doc. 1) against nine Defendants based on conduct that occurred at Union Correctional Institution. He is proceeding *in forma pauperis*. *See* Order (Doc. 10). The discrete claims against each Defendant are unclear, but Plaintiff's main contention is that officers and medical providers knew he had chronic asthma that prohibited the use of chemical agents against him, but they manipulated or ignored his medical records to spray him. *See* Doc. 1 at 7–8.

Plaintiff alleges that, on December 29, 2022, Defendant Nurse McCall was contacted by officers (perhaps Defendants Cotton, Bene-Rios, and Dean) asking whether Plaintiff was cleared for the use of chemical agents. *Id.* at 8–9. Knowing of Plaintiff's chronic asthma and various medical passes, Defendant

McCall altered Plaintiff's medical records and told the officers they could safely use chemical agents to gain Plaintiff's compliance. *Id.* at 10–11. Plaintiff implies that Defendants Encarnacion, Deburou, Holm, Cotton, Dean, and Bene-Rios "plot[ted]" with Defendant McCall to harm him. *Id.* at 11–12, 18. Plaintiff also alleges Defendants Bene-Rios, Dean, and Deburou removed all his property from his cell, including medical equipment (wheelchair, leg brace, and air cast), "leaving [him] without any ability to move around freely" or use the restroom. *Id.* at 13–14. He claims that when he received some of his property back after three days, it was covered in tomato paste despite officers knowing that he is allergic to tomatoes. *Id.* at 13. Plaintiff implies that Defendants Cotton, Bene-Rios, Dean, and Deburou were motivated to harm him because of a grievance he wrote shortly before the incident in which he complained about being forced to shave his beard in violation of his right to freely practice his religion. *Id.* at 16.

Upon review, the Court finds that Plaintiff's Complaint is deficient. The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). All averments of the claim should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A plaintiff may set forth only related claims in one civil

rights complaint; he may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quoting *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

To satisfy these minimal federal pleading standards, a plaintiff must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint should provide enough detail to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). One that does not is referred

to as a "shotgun pleading" and is prohibited. *See Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit has identified four categories of shotgun pleadings: those in which a plaintiff incorporates all general factual allegations into each successive count of a multi-count complaint; those that are "replete with conclusory, vague, and immaterial facts"; those that do not separate the different claims for relief into different counts; and those in which a plaintiff "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1322–23. Shotgun pleadings are prohibited because they require courts to sift through rambling allegations to "separate the meritorious [claims] from the unmeritorious ones, resulting in a massive waste of judicial and private resources." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (internal quotation marks omitted).

Plaintiff's Complaint is a shotgun pleading: Plaintiff incorporates all factual allegations into his single statement of "legal claims"; the Complaint is "replete with conclusory, vague, and immaterial facts"; Plaintiff does not separate the different claims for relief into different counts; and Plaintiff "assert[s] multiple claims against multiple defendants without specifying

which of the defendants are responsible for which acts or omissions." *See Weiland*, 792 F.3d at1322–23.

Additionally, Plaintiff's allegations are not short and plain. Most facts he includes in one paragraph that spans sixteen pages, and he similarly sets forth his "legal claims" in a single paragraph, *see* Doc. 1 at 4–20, 22, "amount[ing] to an amalgamation" of all claims he seeks to pursue. *See PVC Windoors, Inc.*, 598 F.3d at 806. For instance, in his statement of "legal claims," Plaintiff identifies numerous alleged violations, including deliberate indifference, excessive force, denial of equal protection, denial of his right to practice his religion, deprivation of property, and retaliation, but he does not say which claim he pursues against which Defendant or on what grounds. *See* Doc. 1 at 22.

Although *pro se* plaintiffs are held to a less stringent standard than attorneys, they still must comply with pleading rules. Plaintiff's Complaint would require the Court to expend scarce judicial resources to sift through the rambling allegations to separate potentially plausible claims from frivolous ones. The Court will not undertake such a task. *See Barmapov v. Amuial*, 986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff.").

If Plaintiff wants to proceed, he must file an amended complaint in compliance with federal pleading standards. Plaintiff should avoid stating his allegations in essay or diary format, but rather he should state his allegations *plainly* in separately numbered paragraphs, each limited to a single set of circumstances. He should omit irrelevant or extraneous facts and identify each claim he seeks to pursue against each Defendant, clearly and plainly explaining the factual allegations supporting each claim. Vague and conclusory allegations or the use of legal "buzzwords" without explanation is insufficient to state a claim under § 1983. In addition to complying with federal pleading standards, Plaintiff must keep in mind the following legal principles.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. A plausible deliberate indifference claim requires allegations that, accepted as true, would permit the reasonable inference the defendant knew the plaintiff faced "a substantial risk of serious harm" but acted with "subjective recklessness as used in the criminal law." *Wade v. McDade,* 106 F.4th 1251, 1261–62 (11th Cir. 2024) (en banc). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer v. Brennan,* 511 U.S. 825, 835 (1994).

A negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

Liability under § 1983 may not be based on a theory of vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). In other words, a claim under § 1983 must be based on something more than the fact that a supervisor employed an individual who violated the plaintiff's constitutional rights. A claim against a supervisor arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Absent direct involvement by a supervisor, the requisite causal connection "can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *See id.*; *Cottone*, 326 F.3d at 1360. A plaintiff

7

relying on a history-of-widespread-abuse theory must demonstrate the past deprivations were "obvious, flagrant, rampant and of continued duration," such that the supervising official was on notice of the need to take corrective action. *See Brown*, 906 F.2d at 671.

If Plaintiff chooses to amend, he should use the Court-approved civil rights complaint form, adhering to the following instructions:

1. The complaint must be marked, "Amended Complaint."

2. The complaint must name as Defendants only those who had been acting under color of state law and are responsible for an alleged *constitutional* violation.

3. The complaint must state the full name and address (*i.e.*, work location) of each Defendant (to the extent known) in the style of the case on the first page and in section I.B.

4. The list of Defendants named on the first page must match the list in section I.B.

5. In section IV, "Statement of Claim," there must be a clear description of how *each* Defendant was involved in an alleged violation. The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each Defendant is responsible for each alleged violation.[1]

6. In section V, "Injuries," there must be a statement concerning how *each* Defendant's action(s) or omission(s) injured Plaintiff.

---

[1] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

7.    In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be

complete, including all claims he wishes to raise and must not refer back to his original complaint.

Accordingly, it is now

**ORDERED:**

1.      The **Clerk** shall send Plaintiff a civil rights complaint form.

2.      By **May 15, 2026**, Plaintiff must mail an amended complaint to the Court for filing. **Plaintiff's failure to comply with this Order may result in the dismissal of this case.**

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2026.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:      Princeo Laquinton Altidor, Sr.

10