UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PRINCEO LAQUINTON ALTIDOR, SR.,

Plaintiff,

v. Case No. 3:26-cv-16-MMH-SJH

NURSE CONNIE MCCALL, et al.,

Defendants.

---

**ORDER**

Plaintiff Princeo Laquinton Altidor, Sr., an inmate of the Florida Department of Corrections, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1). The Court granted Altidor's request to proceed as a pauper (Doc. 10) and, separately, directed him to file an amended complaint (Doc. 11) because his initial Complaint was a shotgun pleading. Specifically, Altidor's allegations were not short and plain; his Complaint was "replete with conclusory, vague, and immaterial facts"; and he did not separate his claims into different counts, explain what claims he sought to bring against each defendant, or clarify the basis for each claim. See Order (Doc. 11 at 4–5). Additionally, the Court noted that some of Altidor's purported claims are not cognizable under § 1983. Id. at 6–8.

Even after receiving an extension of time, Altidor did not comply with the Court's Order directing him to submit an amended complaint, so the Court ordered him to show cause why the case should not be dismissed. See Orders (Docs. 13, 14). Before the Court are Altidor's Response to the Order to Show Cause (Doc. 16; Response) and his Amended Complaint (Doc. 17; Amended Complaint). Upon review of both filings, the Court concludes that this case should be dismissed without prejudice for Altidor's failure to comply with the Court's Orders.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court has discretion to dismiss a case for a plaintiff's failure to comply with court rules or a court order. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). For instance, when a pro se plaintiff fails to comply with a court's order to submit a proper complaint, the court may sua sponte dismiss the case under Rule 41(b). Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020)[1] (recognizing that a

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

district court does not abuse its discretion for dismissing a complaint "on shotgun-pleading grounds," even if the plaintiff "potentially state[s] a prima facie claim," when the plaintiff has been forewarned about federal pleading requirements and afforded an opportunity to comply with those); see also Duong Thanh Ho v. Costello, 757 F. App'x 912, 914–15 (11th Cir. 2018) (per curiam) (affirming the district court's dismissal without prejudice for the pro se plaintiff's failure to comply with the court's order to amend, which "clearly instructed [him] what to do and what was expected of him"); Powell v. Harris, 628 F. App'x 679, 680 (11th Cir. 2015) (per curiam) (holding the district court did not abuse its discretion by dismissing the case without prejudice for the pro se plaintiff's noncompliance with the court's instructions to file a proper complaint after twice advising him how to cure the deficiencies).

First, the Court finds Altidor's Response to the Order to Show Cause insufficient to excuse his delay in complying with the Court's Order directing him to amend his complaint. In his Response to the Court's Order to Show Cause, Altidor asserts that he did not timely comply with the Court's Order because the "jailhouse lawyer," upon whom he relied for assistance, was sent to confinement for thirty days, and his legal documents were secured with the other inmate's personal property during that time. See Response at 1. Even accepting that the "jailhouse lawyer" was unavailable and had Altidor's legal

documents, Altidor does not explain why he did not file a motion for an extension of time before the deadline passed. See id. The Court has advised Altidor numerous times since he initiated this case that a failure to comply with a deadline or a court order can result in the dismissal of this case. See generally Notice to Pro Se Litigant (Doc. 4); see also Orders (Docs. 5, 6, 11, 14).

Second, Altidor has not substantively complied with the Court's Order directing him to submit a complaint that satisfies federal pleading standards. Although he has attempted to identify the claims he seeks to bring against the named Defendants, his claims, and the grounds upon which they rest, remain unclear. For instance, Altidor sets forth his claims in two sections of the Amended Complaint, but the claims mentioned in each section are somewhat different. Cf. Amended Complaint at 9–13 with id. at 34–35. Altidor also has added numbered paragraphs, as directed, but his allegations still are not short and plain, as discussed more fully below. See id. at 15–34. He also seemingly includes claims that are not cognizable (i.e., those based on a theory of respondeat superior or a failure to follow prison regulations). See id. at 13, 29.

Altidor primarily complains about a use-of-force incident that occurred on December 29, 2022. See id. at 14, 18. He asserts that Nurse McCall falsified his medical records to reflect that officers could spray him with chemical agents even though he has asthma, and, after he was sprayed, Officers Cotton,

Bennett-Rios, and Dean violently hit him with their fists and radios.[2] See id. at 19–21. Even if such allegations, accepted as true, could plausibly give rise to claims under § 1983, Altidor does not plainly or simply describe what happened. Instead, he repeats his allegations numerous times, sometimes in slightly different or even contradictory ways, and he includes many immaterial facts. Indeed, his allegations span eighteen pages and ninety-one paragraphs. See id. at 16–34.

Altidor also suggests that the officer-Defendants sprayed him in retaliation for "speaking out about the horrific abuse he's suffered while in prison," but he appears to concede that he was engaging in behavior that precipitated an organized, planned, approved use of force. Id. at 20. For instance, he acknowledges that an officer-in-charge (not a named Defendant) approved the order for property restriction, the officer-Defendants who carried out the order contacted the nurse to determine whether chemical agents could safely be used, and the incident was recorded with a handheld camera. Id. at 19–20, 26–27. He also says that he was being placed on property restriction for having "nude" photos and for masturbating in front of prison officials, but when

[2] Elsewhere, Altidor says Officers Scott, Durborow, Holm, and Jordan also hit him. See Amended Complaint at 23–24. This is only one example of how Altidor's claims are confusing and unclear.

officers approached his cell to execute the order, he "hid" under the covers on his bed. Id. at 19–20.

To the extent Altidor is attempting to pursue a retaliation claim against the officer-Defendants, given an officer-in-charge approved the order to place Altidor on property restriction and Altidor admittedly was hiding under his covers when the officers attempted to execute the order, any causal connection between the officer-Defendants' alleged retaliatory motive and the spraying likely would be broken. See Thomas v. Lawrence, 421 F. App'x 926, 929 (11th Cir. 2011) (holding the plaintiff failed to state a plausible retaliation claim because a prison official other than one with the alleged retaliatory motive "determined or confirmed" that the plaintiff should incur a disciplinary report).

Upon review, the Court concludes that Altidor does not give Defendants adequate notice of the claims against them and the grounds upon which those claims rest. Defendants would be hard pressed to formulate a responsive pleading to this Amended Complaint. Altidor's inclusion of potentially viable claims in an otherwise deficient complaint replete with vague, immaterial, confusing, and conclusory allegations is "flatly forbidden." See Barmapov v. Amuial, 986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring). The Court already forewarned Altidor that, although he is entitled to the benefit of liberal construction, the Court will not "expend scarce judicial resources to sift

through his rambling allegations to separate potentially plausible claims from frivolous ones." See Order (Doc. 11 at 5) (citing Barmapov, 986 F.3d at 1328). Altidor's Amended Complaint would require the Court to expend scarce judicial resources attempting to identify potentially plausible claims and the facts supporting those claims. The Court will not undertake such a task.

Because Altidor has failed to show adequate cause why this case should not be dismissed and has failed comply with the Court's Order directing him to amend his complaint in accordance with federal pleading standards, this case is due to be dismissed without prejudice. If Altidor wants to pursue any plausible, cognizable claims, he may do so by initiating a new action (not by filing a second amended complaint in this case).[3]

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.
2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

[3] The Court notes that as of this time, the applicable four-year statute of limitations on Altidor's claims against the officers and nurse arising out of the December 29, 2022 use-of-force incident has not yet expired. See McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008). Altidor should be mindful of the statute of limitations if he wishes to refile his claims.

3. The **Clerk** shall send Altidor a Civil Rights Complaint form.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:
Princeo Laquinton Altidor, Sr.